# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LATREL PHIPPS                                                                PETITIONER

VS.                                    4:20-cv-00671-BRW-JTR

LAFAYETTE WOODS, Sheriff,
Jefferson County, Arkansas                                                   RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

On May 27, 2020, Petitioner Latrel Phipps ("Phipps") filed a *pro se* § 2241 Petition for Writ of Habeas Corpus. *Doc. 1.*[1] Based on Phipps's allegations and the

---

[1] Because Phipps seeks relief before trial and judgment in state court, his remedy, if any, lies under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition).

Court's review of publicly available information, Phipps is a pretrial detainee in the W.C. "Dub" Brassell Detention Center in Pine Bluff, Arkansas, awaiting the resolution of *pending* state criminal charges.  Phipps claims that, because his bond is excessive, and he is at greater risk of life-threatening complications from COVID-19,[2] this Court should order his immediate release from state pre-trial detention.  *Id. at 1*.[3]

For the reasons stated below, the Court recommends that Phipps's habeas Petition be dismissed, without prejudice.

## II. Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.  Additionally, a court "may take judicial notice of proceedings in other courts of record."  *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court

---

[2] Phipps states that he suffers chronic obstructive pulmonary disease ("COPD"), which makes him more vulnerable to health complications from COVID-19.  *Doc. 1 at 1*.

[3] Phipps also requests "compassionate release", a legal term of art that, under U.S.C. 3582(b)(1), allows a federal sentencing court to reduce a *federal* defendant's sentence based on "extraordinary and compelling" reasons.  Because Phipps is a state prisoner awaiting resolution of state charges, compassionate release is not an available remedy.

may take judicial notice of judicial opinions and public records); *see also Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996) (court may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to the matters at issue).

Public records establish that Phipps is, at present, detained in the W.C. "Dub" Brassell Adult Detention Center, awaiting trial on criminal charges. *See State v. Phipps*, Jefferson County Circuit Court Case No. 35CR-20-209.[4]  Phipps's pending charges are as follows: (1) felony possession of ecstasy with intent to deliver; (2) felony possession of marijuana with intent to deliver; (3) being a felon in possession of a firearm; and (4) simultaneous possession of drugs and firearms. The trial court set a bond for Phipps in the amount of $75,000.

On June 1, 2020, Phipps's attorney filed a Motion to Reduce Bond from $75,000 to $10,000 based on the COVID-19 pandemic. On June 3, 2020, the prosecutor filed a response opposing the reduction of bond. On June 4, 2020, the trial court denied Phipps's Motion.

Under well-established federal case law, Phipps's habeas Petition raises claims that are not cognizable under § 2241 and must be dismissed, without

---

[4]  The Court has reviewed the state court docket, which is publicly accessible on the Arkansas courts' website. *See* https://caseinfo.aoc.arkansas.gov. The Court has also verified Phipps's presence on the publicly accessible inmate roster at the W.C. "Dub" Brassell Adult Detention Center on the Jefferson County Sheriff's Office website. *See* https://www.jeffcoso.org/roster.

prejudice. First, to state a viable claim, a § 2241 habeas petitioner must allege that his rights have been violated under the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts are not permitted "to reexamine state-court determinations on state-law questions." *Id*. Thus, Phipps's allegations that state authorities have failed to comply with state laws, in connection with his release on bond, are not cognizable in a federal habeas action.

Second, before a state prisoner can seek federal habeas relief, he must "exhaus[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (requiring exhaustion concerning a § 2241 petition brought by state pretrial detainee); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (requiring exhaustion concerning a § 2241 petition). In order to fully exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court *before* seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

If Phipps believes his constitutional rights have been violated in connection with the trial court's refusal to reduce his bond, he first must raise that claim with the trial court, and, if he receives an adverse ruling, file a petition for writ of certiorari to the Arkansas Supreme Court. *Trujillo v. State*, 2016 Ark. 49, 2, 483 S.W.3d 801,

803 (2016) (citations omitted) (certiorari is the proper remedy to review a circuit court's bail-bond proceedings).  Phipps appears to have taken the first step, by filing a motion with the trial court claiming his current bond is excessive.  While the trial court promptly denied the motion, Phipps has not filed a petition for writ of certiorari to the Arkansas Supreme Court.  Thus, Phipps has *not* exhausted his state court remedies.

Third, federal courts generally must abstain from the exercise of § 2241 jurisdiction if the issues raised in a habeas petition may be resolved either by trial on the merits in the state court, or by other available state court procedures. "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)).

Accordingly, because Phipps's § 2241 habeas petition fails to state a claim for relief, it should be dismissed, without prejudice.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Latrell Phipps's Petition for Writ of Habeas Corpus be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.[5]

Dated this 10th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 2253(c)(1)(A) requires a COA to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." *See Evans v. Circuit Court of Cook Cty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (holding that state prisoners proceeding under § 2241 must obtain a COA where the target of the habeas petition arises out of process issued by a state court.); *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) (same).